# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENN EAST FEDERAL CREDIT UNION, | : | Civil No. 3:20-CV-00204 |
| Plaintiff, | : | |
| v. | : | |
| DISCOVER FINANCIAL SERVICES, INC. and YASMINE MINKOMAMBO, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a diversity action for conversion, fraud, and unjust enrichment arising from the alleged misappropriation of funds to pay Defendant Yasmine Minkomambo's ("Minkomambo") credit card debt to Defendant Discover Financial Services, Inc. ("Discover"). The case is presently before the court on Discover's motion to dismiss the complaint for failure to state a claim upon which relief may be granted. For the reasons that follow, the motion is granted.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Penn East Federal Credit Union ("Penn East") initially filed this case in Pennsylvania state court in the Lackawanna County Court of Common Pleas in January 2020. (*See* Doc. 1-2.) According to the allegations in Penn East's complaint, Penn East is a federal credit union with its principal place of business in Scranton, Pennsylvania, Discover is a financial services company with its principal

1

place of business in Illinois, and Minkomambo is a Discover customer who resides in a state that is not known to Penn East.  (*Id.* ¶¶ 1–3.)

On September 10, 2018, Penn East received a communication from credit union member Janet McCawley ("McCawley") that her home equity line of credit with Penn East had been compromised and that $2,216.34 had been withdrawn from the account without her authorization.  (*Id.* ¶ 9.)  Penn East's risk management department investigated and determined that the withdrawn funds had been deposited in a Discover account to make credit card payments on Minkomambo's account.  (*Id.* ¶¶ 10–11.)

Following McCawley's report of an unauthorized withdrawal from her account, Penn East investigated other accounts to determine whether they had also been compromised.  (*Id.* ¶ 12.)  Penn East discovered that another home equity line of credit owned by Christopher Albright ("Albright") had also been compromised, with $86,437.02 having been withdrawn without his authorization.  (*Id.*)  After investigating the withdrawal, Penn East discovered that the money withdrawn from Albright's account, like the money withdrawn from McCawley's account, had been transferred to a Discover account to make payments on Minkomambo's credit card account.  (*Id.*)

Based on its investigation, Penn East contacted Discover's fraud division.  (*Id.* ¶ 14.)  Discover's fraud consultant, Yolanda Owens ("Owens") confirmed that

the money from McCawley and Albright's accounts had been transferred to a Discover account owned by Minkomambo. (*Id.*) Owens stated that Discover would conduct its own investigation and address the matter. (*Id.*) While awaiting a response from Discover, Penn East reimbursed McCawley and Albright for the losses they had suffered as a result of the unauthorized withdrawals from their accounts. (*Id.*)

After not receiving a response from Discover, Penn East contacted Discover and was told that the matter had been referred to Discover's legal counsel. (*Id.* ¶ 15.) Discover did not provide any further response regarding Penn East's inquiry. (*Id.*) Penn East demanded payment from Discover for the losses from McCawley and Albright's accounts, but Discover did not respond. (*Id.*) Accordingly, Penn East initiated this action, raising causes of action against both Discover and Minkomambo for conversion, fraud, and unjust enrichment. (*Id.* ¶¶ 20–43.)

After receiving service of process in state court, Discover removed the case to this district on February 5, 2020 based on the court's diversity jurisdiction under 28 U.S.C. § 1332.[1] (Doc. 1.) Discover thereafter filed a motion to dismiss Penn East's complaint for failure to state a claim upon which relief could be granted.

---

[1] Minkomambo has not yet been served with process and accordingly has not responded to Penn East's complaint.

(Doc. 3.)  Briefing on the motion to dismiss has concluded and it is accordingly ripe for the court's review.  (*See* Docs. 3-2, 4, 5, 9.)

## JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332, which allows a district court to exercise subject matter jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.  Although the complaint states that Minkomambo is a citizen of an unknown state, *see* Doc. 1-2 ¶ 3, Discover states in its notice of removal that Minkomambo is a citizen of Texas.  (Doc. 1 ¶ 7.)  Accordingly, because the parties are citizens of different states and the amount in controversy exceeds $75,000, the court may exercise diversity jurisdiction under 28 U.S.C. § 1332.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

### A. The Complaint Fails to State a Conversion Claim Upon Which Relief May Be Granted Against Discover

Conversion is "the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification."  *Spector Gadon & Rose, P.C. v. Rudinski, Orso & Lynch*, __ A.3d __, No. 3661 EDA 2018, 2020 WL 1684048, at *2 (Pa. Super. Ct. Apr. 7, 2020) (quoting *Bank of Landisburg v. Burruss*, 524 A.2d 896, 898 (Pa. Super. Ct. 1987)).  Money can be the subject of a conversion claim under Pennsylvania law.  *Id.*  A plaintiff can only bring a claim for conversion, however, if it "had an immediate right to possession of the chattel at the time it was converted."  *Id.*

In this case, Discover argues that Penn East's conversion claim should be dismissed because Penn East did not have possession of the money at issue at the

time of the alleged conversion. (Doc. 3-2 at 7.) Discover argues that Penn East has admitted as much by alleging in its complaint that Defendants "wrongfully deprived the Plaintiff's members of money." (*Id.* (quoting Complaint at ¶¶ 13, 34.)) Discover additionally argues that the claim should be dismissed because Discover did not intentionally exercise control over the money as required to support a conversion claim against it. (*Id.*)

In its brief in opposition, Penn East attempts to distinguish the cases cited by Discover from the facts of the present case, but does not dispute the legal principles governing conversion claims. (Doc. 4 at 7–10.) As for Discover's specific arguments for dismissal, Penn East argues that it was in immediate possession of the money at issue because the money was in home equity lines of credit owned by McCawley and Albright. (*Id.* at 8–9.) Penn East asserts that neither McCawley or Albright would have the right to possess money from their home equity lines of credit until they had met all terms and conditions applicable to borrowing such money. (*Id.* at 8.) Penn East argues that a home equity line of credit is not analogous to an account where a credit union member has an immediate possessory interest in the funds in the account, such as a checking account. (*Id.* at 9.) Accordingly, because neither McCawley nor Albright had an immediate possessory interest in the money in their home equity lines of credit, Penn East argues that it had immediate possession of the money to support its

conversion claim. (*Id.*) Penn East does not dispute Discover's contention that Discover did not intentionally exercise control over the money. (*Id.*)

In its reply brief, Discover reiterates its argument that Penn East has admitted that it did not have possession of the subject money at the time of the alleged conversion. (Doc. 5 at 4.) Discover additionally argues that, even if Penn East were in possession of the money, the claim would still fail because money can only be the subject of a conversion claim if it is sufficiently identifiable and not simply intermingled with a plaintiff's general funds. (*Id.* at 5–6.)

The court agrees with Discover's argument that Penn East fails to state a conversion claim upon which relief may be granted because Penn East admits that it did not have a right to immediate possession of the money at the time of the alleged conversion. Specifically, Penn East alleges in its complaint that Defendants "wrongfully deprived *the Plaintiff's members* of money causing the Plaintiff to make the members whole." (Doc. 1-2 ¶ 34 (emphasis added.)) This statement constitutes a judicial admission that binds Penn East and defeats its conversion claim as a matter of law. *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) (citing *Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004)); *see also Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972) ("[J]udicial admissions are binding for the purpose of the case in which the admissions are made including appeals.").

Moreover, Penn East's conversion claim fails to state a claim upon which relief may be granted against Discover because it does not allege that Discover intentionally exercised control over the money at issue. *See, e.g.*, *HRANEC Sheet Metal, Inc. v. Metalico Pittsburgh, Inc.*, 107 A.3d 114, 119 (Pa. Super. Ct. 2014) (noting that "the exercise of control over the chattel must be intentional" to support a conversion claim). As the allegations of the complaint make clear, the alleged conversion was committed by Minkomambo, with no assistance in any way from Discover. (*See* Doc. 1-2 ¶¶ 7–13.)

Accordingly, the court will dismiss Penn East's conversion claim against Discover for failure to state a claim upon which relief may be granted. Having determined that dismissal of the conversion claim is warranted for failure to allege immediate possession of the money or intentional exercise of control over the money, the court will not address Discover's alternative argument that dismissal is warranted because the money was not sufficiently identifiable.

**B. The Complaint Fails to State a Fraud Claim Upon Which Relief May Be Granted Against Discover**

To state a claim for fraud under Pennsylvania law, a plaintiff must allege "(1) a representation which is (2) material to the transaction at hand, (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false, and (4) made with the intent of misleading another into relying on it; (5)

justifiable reliance on the misrepresentation; and (6) that the resulting injury was proximately caused by the reliance." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 778 (3d Cir. 2018) (internal quotation marks omitted) (citing *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994)).

A plaintiff alleging fraud in federal court "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This requires the plaintiff to allege "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation" and state "the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Shuker*, 885 F.3d at 778 (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)).

Discover argues that Penn East's fraud claim against it should be dismissed because Penn East fails to allege with particularity that Discover committed a fraud or aided and abetted a fraud by Minkomambo. (Doc. 3-2 at 8–10.) Penn East argues that its fraud claim is based on Discover receiving funds from McCauley and Albright's accounts and that discovery is needed to substantiate the fraud claim because Discover "is in control of all facts" other than the fact that money was deducted from McCauley and Albright's accounts. (Doc. 4 at 10–11.)

The court agrees with Discover. Penn East's argument that discovery is needed to flesh out its fraud claim ignores the clear language of Rule 9(b), which requires fraud claims to be pleaded "with particularity." It is not enough under Rule 9(b) to allege that a fraud occurred and then await discovery to flesh out that claim. Rather, Rule 9(b) requires the factual circumstances of the fraud to be pleaded with particularity. *See* Fed. R. Civ. 9(b); *Shuker*, 885 F.3d at 778. Here, the complaint is completely devoid of the factual detail necessary to plead a fraud claim with particularity under Rule 9(b).

The complaint similarly fails to allege that Discover aided and abetted Minkomambo's fraud. Claims that a defendant has aided and abetted a third party's fraud, like direct claims of fraud, must be pleaded with particularity under Rule 9(b). *See, e.g.*, *Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n*, 14 F. Supp. 3d 591, 616 (D.N.J. 2014). Here, the complaint fails to allege any particular facts as to how Discover aided and abetted Minkomambo's alleged fraud and therefore fails to satisfy the heightened pleading standard under Rule 9(b). Accordingly, the court will dismiss Penn East's fraud claim against Discover.

### C. The Complaint Fails to State an Unjust Enrichment Claim Upon Which Relief May Be Granted

To state a claim for unjust enrichment under Pennsylvania law, a plaintiff must allege (1) that the plaintiff conferred a benefit on the defendant; (2) the

defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under circumstances in which it would be inequitable to do so without paying for the benefit. *Karden Constr. Servs., Inc. v. D'Amico*, 219 A.3d 619, 628 (Pa. Super. Ct. 2019).

Discover argues that Penn East's unjust enrichment claim fails because there was not a contractual or quasi-contractual relationship between the parties and because there is no allegation that Penn East conferred a benefit on Discover. (Doc. 3-2 at 10–12.) Penn East argues that it has stated a claim for unjust enrichment and argues that the cases relied upon by Discover are factually distinguishable from this case. (Doc. 4 at 14–19.)

The court agrees with Discover that the complaint fails to state an unjust enrichment claim upon which relief may be granted. Because an unjust enrichment claim requires a plaintiff to confer a benefit on the defendant, there is no actionable claim for unjust enrichment where the benefit is taken from the plaintiff without permission. *See, e.g.*, *Boring v. Google, Inc.*, 362 F. App'x 273, 282 (3d Cir. 2010) (holding that plaintiff did not state an unjust enrichment claim upon which relief could be granted where benefit was allegedly taken from plaintiff without permission); *Pellegrino v. Epic Games, Inc.*, __ F. Supp. 3d __, No. 19-CV-01806, 2020 WL 1531867, at *4 (E.D. Pa. Mar. 31, 2020) ("Because Pellegrino alleges that Epic misappropriated his likeness without his permission, Pellegrino cannot

have conferred anything on Epic." (citing *Hart v. Elec. Arts, Inc.*, 740 F. Supp. 2d 658, 670 (D.N.J. 2010))). That is precisely the case here: Penn East alleges that the money at issue was taken from McCauley and Albright's accounts without permission and transferred to Minkomambo's Discover account. (*See* Doc. 1-2 ¶¶ 9–13.) The complaint therefore fails to allege that Penn East conferred a benefit on Discover and accordingly fails to state an unjust enrichment claim upon which relief may be granted.

### D. Leave to Amend

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts in this district generally grant leave to amend unless amendment of the complaint would be inequitable or futile. *See, e.g.*, *Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)). Here, because allegations in Penn East's complaint foreclose its claims for conversion and unjust enrichment against Discover, the court will deny leave to amend those claims as futile. The court does not find that amendment of Penn East's fraud claim against Discover would be inequitable or futile, however, and will accordingly grant Penn East leave to amend its complaint as to that claim.

## CONCLUSION

For the foregoing reasons, Discover's motion to dismiss is granted. An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 13, 2020